PRESENT—M'KEAN, CHIEF JUSTICE—SHIPPEN, YEATES AND RRADFORD, JUSTICES.

# John Vaughan and Peter January, assignees of John Nancarrow *against* John D. Blanchard and Thomas Russel.

### S. C. 2 Dall. 192.

Depositions of witnesses taken under a commission allowed to be given in evidence, tho' it did not appear that they were sworn by the commissioners.

Court will not direct a nonsuit, tho' the evidence is not very clear with the plaintiff.

Where a landlord claims and uses certain privileges against the tenant's consent, it is incumbent on him to shew that he reserved them; otherwise he suspends the rent.

THIS was an action of debt for 65l. for one-half year's rent of a house and cellar in the city of Philadelphia, under a parol lease, brought by the assignees of Nancarrow, who was discharged under the insolvent act. The plaintiffs averred in their declaration, that Nancarrow held the property as tenant for a term of years under a demise from Mrs. Ann Pemberton, and being so possessed leased the same to the defendant for the residue of the term, at the rent of 130l. per annum.

A commission issued to Kentucky to take the testimony of one James Edwards, and his answers returned to the interrogatories, were offered in evidence by the plaintiffs. The defendants excepted thereto, alleging that it appeared by the return of the commission, that the commissioners had not administered the oath to him, who were the only persons delegated and authorised by the court for that purpose, and that the said Edwards appeared to have been sworn before a justice of peace, without mentioning his name, or any certificate transmitted of his being in the commission of the peace; but the court overruled the objection. It is stated by the comissioners, that the witness was duly sworn by a justice of the peace, and it may fairly be presumed to have been done in their presence; *omnia præsumuntur legitimè facta, donec probetur in contrarium.* (1 Co. Lit. 232.)

The answers to the interrogatories were therefore read, and the plaintiffs having closed their testimony, the defendant's counsel moved for a nonsuit, contending, that as the plaintiffs had stated the circumstances of Nancarrow's title in their declaration, the same ought to be proved, and cited Dougl. 643.

The court ruled, that there was evidence given by Edwards *176]    *in his answers to the interrogatories as to this point, though it did not fully appear from the wording

[Vaughan et al. *v.* Blanchard et al.]

thereof, whether he knew the fact of his own knowledge or collected it from hearsay. It was however testimony to that point, of which the jury were the proper judges, and therefore the direction of the nonsuit was refused.

It was shewn by the testimony adduced by the defendants, that Nancarrow had some time after his leasing the premises to the defendants, claimed a right of passage through the cellar leased to another cellar back, though he had other communications thereto, and had actually used this privilege against their will and consent. The court were of opinion, that it was incumbent on the plaintiffs to shew in evidence the reservation of this privilege, otherwise the said Nancarrow had by his own act suspended the rent, and cited Gilb. Law of Evid. 283. If the lessor enter into part the whole rent is suspended; for the lessor cannot apportion it by a wrongful act of his own.

Verdict for the defendants.

Messrs. Rawle and Heatly, *pro quer.*

Messrs. Ingersoll and Sergeant, *pro def.*

Cited in 59 Pa., 386, to show that every commission when in proper form, authorizes the commissioner to call the witnesses before him, and to examine them upon their oaths or affirmations.

Cited in 1 Rawle, 441, in support of the proposition that if a lessor enters upon his lessee and disseizes him, the rent is suspended in the whole, and cannot be apportioned for any part.